**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. ________________**

ANNETTE FELICIANO,

Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.
_________________________________/

**NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Delta Air Lines, Inc. ("Defendant") hereby gives notice of the removal of this action to the United States District Court for the Southern District of Florida, Miami Division, and in support of its Notice states as follows:

**1. State Court Action**

Plaintiff Annette Feliciano ("Plaintiff") initiated an action that is pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *Annette Feliciano v. Delta Air Lines, Inc.*, and designated Case Number 2026-016918-CA-01. Plaintiff filed her Complaint on August 20, 2026. True and correct copies of Plaintiff's Complaint and the rest of the state court file are attached as **Exhibit 1**.

**2. Service of Process**

Process was served on Defendant on September 10, 2026.

**3. Nature of the Action**

In her Complaint, Plaintiff asserts seven causes of action relating to her employment with Defendant: age discrimination under the Florida Civil Rights Act of 1992 ("FCRA") (Count I); national origin discrimination under the FCRA (Count II); retaliation under the FCRA (Count III);

hostile work environment under the FCRA (Count IV); race discrimination under 42 U.S.C. § 1981 ("Section 1981") (Count V); retaliation under Section 1981 (Count VI); and hostile work environment under Section 1981 (Count VII). *See* Ex. 1, Compl. ¶¶ 61–137. Plaintiff seeks, among other relief, back pay; front pay; compensatory damages for emotional distress, embarrassment, and humiliation; punitive damages; and attorney's fees and costs. *Id.* at "Wherefore" clauses following ¶¶ 72, 87, 94, 105, 117, 126, 137.

**4. Removal of State Court Action**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

As demonstrated in Sections 5, 6, and 7 below, this action is removable under 28 U.S.C. § 1441(a) because the district court has original jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331 (federal question jurisdiction); and supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367, and, alternatively, original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). In addition, venue is proper in the Miami Division of the Southern District of Florida, as demonstrated in Section 8 below. Finally, this Notice of Removal is filed in a timely manner, as demonstrated in Section 9 below.

**5. Federal Question Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts three causes of action arising under Section 1981, a law of the United States. *See Smith v. Baycare Health Sys., Inc.*, No. 8:26-CV-1765-KKM-SPF, 2026 WL 1823624, *1 (M.D. Fla. June 23, 2026)

(recognizing original federal-question jurisdiction over Section 1981 claim). Because this action raises a federal question, removal is proper.

**6. Supplemental Jurisdiction**

Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff asserts three federal claims under 42 U.S.C. § 1981 for race discrimination, retaliation, and hostile work environment related to her employment and/or termination. Ex. 1, Compl. ¶¶ 106–137. Plaintiff also asserts state FCRA age and national origin discrimination, retaliation, and hostile work environment claims relating to her employment and/or termination. *Id*. ¶¶ 61–105. Because the allegations on which Plaintiff's federal claims are based overlap with the allegations on which her state claims are based, this Court has supplemental jurisdiction over Plaintiff's state claims. *See Stewart v. Inland Bldg. Sys*., No. 5:21-CV-1665-LCB, 2023 WL 3312542, at *1 (N.D. Ala. May 8, 2023) (holding that the district court had supplemental jurisdiction over plaintiff's state-law claims because they arose from the same nucleus of operative facts as the plaintiff's FMLA claims); *Quitto v. Bay Colony Golf Club, Inc*., No. 06-286, 2006 WL 2598705, at *1 (M.D. Fla. Sept. 11, 2006) (exercising supplemental jurisdiction over FCRA claims where plaintiff asserted Family and Medical Leave Act, Section 1981, Title VII, ADA, and Age Discrimination in Employment Act claims).

**7. Diversity Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

**a. Diversity of Citizenship**

Plaintiff has lived in Florida at least since October 27, 1997, when she began working for Defendant in Miami-Dade County. Ex. 1, Compl. ¶¶ 3, 4, 12. Therefore, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (affirming finding of Florida domicile based on objective indicia, including ownership of a Florida business and real property, a Florida driver's license, voter registration, and payment of Florida taxes); *Beamon v. Brown*, No. 19-334, 2020 WL 598295, at *2 (M.D. Ala. Feb. 6, 2020) (holding that party "made Alabama his home by residing in it for three uninterrupted years, as well as securing a job, an apartment, and a fiancé in Alabama"); *McBride v. Karumanchi*, No. 12-1047, 2015 WL 4132974, at *5 (M.D. Ala. July 8, 2015) (holding that plaintiff was a Florida citizen, "mainly because of her long residency in Florida over nearly ten years, including time in the Navy, renting several apartments, and attending two schools").

Further, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Defendant is organized under the laws of Delaware. See Nicole H. Rogers Decl. ¶ 4, attached hereto as **Exhibit 2**. Defendant's corporate headquarters, from which its officers direct, control, and coordinate Defendant's corporate activities, are in Georgia. *Id.* ¶ 5. Therefore, Defendant is a citizen of Delaware and Georgia. Because Plaintiff is a citizen of Florida, the parties are completely diverse.

**b. Amount in Controversy**

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show … by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id*. at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

The amount in controversy is determined by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction); *see also Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of

the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.").

While Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking damages exceeding $75,000. Plaintiff seeks, *inter alia*, (a) back pay; (b) front pay; (c) compensatory damages for emotional distress; (d) punitive damages; and (e) attorneys' fees and costs. The FCRA authorizes back pay, compensatory damages for mental anguish and other intangible injuries, punitive damages up to $100,000, and reasonable attorney's fees. *See* Fla. Stat. § 760.11(5); *see also Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-CV-1212-EAK-TBM, 2014 WL 4471545, at *4–5 (M.D. Fla. Sept. 10, 2014) (denying motion to remand in an FCRA case where back pay and front pay satisfied the amount in controversy); *Wineberger v. Racetrac Petroleum, Inc.*, No. 14-653, 2015 WL 225760, at *3-4 (M.D. Fla. Jan. 16, 2015) (holding that jurisdictional amount was satisfied in FCRA discrimination case based on back pay, front pay, compensatory damages, punitive damages, and attorneys' fees); *Logsdon v. Duron, Inc.*, No. 05-243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2005) (holding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay"). The FCRA caps only punitive damages, which "shall not exceed $100,000." Fla. Stat. § 760.11(5).

Here, Plaintiff's claimed damages exceed the amount in controversy. First, in her Civil Cover Sheet filed in state court, Plaintiff represents that the amount of her claim is between $75,001 and $100,000. Ex. 1, Civil Cover Sheet at 1; see also Dawson v. Circle K Stores Inc., No. 20-411, 2020 WL 12279300, at *1 (N.D. Fla. Sept. 28, 2020) (considering civil cover sheet's

statement that "the estimated amount of [plaintiff's] claim, rounded to the nearest dollar, was $100,000," where "the $100,000 assertion [did] not seem unrealistic").

Second, Plaintiff's back pay exceeds $75,000. In 2025, Plaintiff earned $51,388.05 in W-2 Social Security and Medicare wages before her employment with Defendant ended on or about July 17, 2025. Nicole H. Rogers Decl. ¶ 6; *see also* Ex. 1, Compl. ¶¶ 41-42 (alleging that Plaintiff was terminated on or about July 17, 2025). Plaintiff also had earned $99,118.72 in W-2 Social Security and Medicare wages from Delta in 2024. Nicole Rogers Decl. ¶ 7. Annualized, Plaintiff's 2025 earnings would have been approximately $95,000. Therefore, Plaintiff's back pay in the approximately fourteen months since the termination of her employment, to the extent she is entitled to any (which Defendant denies), would be approximately $111,000.

Second, "it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez v. Honeywell Int'l, Inc.*, No. 16-3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017).[1] One year of front pay could amount to approximately $95,000.

Third, Plaintiff seeks compensatory damages for emotional distress. Courts often find that where litigants, like Plaintiff here, seek compensatory damages for emotional distress, the minimum amount in controversy exists. *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (holding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain"). The FCRA does not limit compensatory damages. Therefore, although Defendant

[1] The *Gonzalez* court pointed out that the availability of reinstatement instead of front pay "does not discredit Defendant's amount in controversy calculation" because "[r]einstatement is a form of equitable relief," and, "[f]or purposes of calculating the amount in controversy, the value of this relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Gonzalez*, 2017 WL 164358, at *2 n.2 (internal quotation marks omitted). The court concluded that the front pay calculation was "conservative" "[b]ecause the monetary value of reinstatement would likely equal or exceed that of a year's worth of front pay." *Id*.

denies that Plaintiff is entitled to any relief at all, the compensatory damages she seeks help to satisfy the amount in controversy requirement for diversity jurisdiction.

Fourth, the punitive damages Plaintiff requests must be considered when determining the amount in controversy. *See, e.g.*, *Saadi v. Maroun*, No. 07-1976, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)). Although Defendant denies that Plaintiff would be entitled to recover any punitive damages, up to $100,000 in punitive damages are available under the FCRA. *See* Fla. Stat. § 760.11(5). This amount suffices to satisfy the amount in controversy requirement. *See* *Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that court had jurisdiction because plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

And fifth, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The FCRA provides a statutory basis for recovery of reasonable attorneys' fees. *See* Fla. Stat. § 760.11(5). Accordingly, Plaintiff's request for attorney's fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In sum, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of a different state than Defendant, this Court also has original jurisdiction under 28 U.S.C. § 1332(a).

**8. Venue**

The state court case was brought in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Therefore, the Southern District of Florida is the federal

district court to which this case must be removed, and the Miami Division is the proper division to which this case must be removed. *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed … to the district court of the United States for the district and division embracing the place where such action is pending") & 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ….").

**9. Timeliness of Notice of Removal**

Under 28 U.S.C. § 1446(b), this removal is timely because thirty days have not elapsed since Plaintiff's Complaint was served on Defendant.

**10. State Court Pleadings**

Under 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal as Exhibit 1. Further, under 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as **Exhibit 3**.

Dated this 30th day of September 2026.

Respectfully submitted,

*/s/ Benjamin C. Davis*

Benjamin C. Davis, Esq.
Florida Bar No. 1107734
Email: benjamin.davis@morganlewis.com

Joseph D. Magrisso, Esq.
Florida Bar No. 105352
Email: joseph.magrisso@morganlewis.com

Vincent A. Cortellessa, Esq.
Florida Bar No. 1049207
Email: vincent.cortellessa@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Telephone: 305.415.3000
eFacsimile: 305.415.3001

*Counsel for Defendant Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record and simultaneously serve the same via email on counsel for Plaintiff, Jason S. Remer, Esq., Remer Georges-Pierre & Hoogerwoerd, PLLC, jremer@rgph.law, 2745 Ponce De Leon Blvd., Coral Gables, Florida 33134.

*/s/ Benjamin C. Davis*
Benjamin C. Davis, Esq.