# Exhibit 1

# Case Information

**Local Case Number:**
2026-016918-CA-01

**State Case Number:**
132026CA01691801GE01

**Case Style:**
Annette Feliciano vs Delta Air Lines Inc

**Filing Date:**
08/20/2026

**Judicial Section:**
CA07 - Downtown Miami - Judge Trawick, Daryl E

**Case Status:**
OPEN

**Case Type:**
Discrimination - Employment or Other

**Consolidated Case No.:**

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Feliciano, Annette | **B#:** 165580<br>Jason S Remer | |
| Defendant | Delta Air Lines Inc | | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 8 | 09/08/2026 | | Electronic Summons Email Notification Sent | Event | Jason S Remer |
| | 09/08/2026 | | 20 Day Summons Issued | Service | |
| 7 | 09/08/2026 | | ESummons 20 Day Issued | Event | Re: Index # 5. |
| 6 | 09/05/2026 | | Receipt: | Event | Receipt#:3280066 Amt Paid:$10.00 Name:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:09/05/2026 Register#:328 Cashier:EFilingUser EFiling #:256376761 |
| 5 | 09/03/2026 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 4 | 08/21/2026 | | Receipt: | Event | Receipt#:3150228 Amt Paid:$401.00 Name:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:08/21/2026 Register#:315 Cashier:EFilingUser EFiling #:255300480 |
| 2 | 08/20/2026 | | Complaint | Event | |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 1 | 08/20/2026 | | Civil Cover Sheet - Claim Amount | Event | |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Annette Feliciano
Plaintiff

Case # ________________
Judge ________________

vs.
Delta Air Lines Inc
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

7

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer — Attorney or party
Fla. Bar # 165580 — (Bar # if attorney)

Jason S Remer — (type or print name)
08/20/2026 — Date

Filing # 255300480 E-Filed 08/20/2026 01:01:52 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANNETTE FELICIANO,

Plaintiff,

vs. Case No.:

DELTA AIR LINES INC,

Defendant.

_______________________________/

**COMPLAINT**

Plaintiff ANNETTE FELICIANO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, DELTA AIR LINES INC., hereinafter ("Defendant") and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. (FCRA) and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's age, national origin, race, retaliation and a hostile environment.
2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.
3. Plaintiff, at all times relevant to this action, is a resident of Miami-Dade County, Florida.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice and Right to Sue. Plaintiff is now timely filing suit.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff was employed by Defendant on or about October 27, 1997, as a Record Lead/Red Coat.

13. Plaintiff is American of Puerto Rican descent and, at all material times, was over the age of fifty (50).

14. Plaintiff is a member of protected classes based on her age, race and national origin.

15. Plaintiff worked for Defendant for more than twenty-seven (27) years.

16. Plaintiff's job duties included ensuring that boarding and passenger check-in operations ran smoothly, maintaining communication between passengers and agents, and overseeing check-in procedures, particularly for international flights.

17. Plaintiff regularly worked on Defendant's Havana, Cuba flights, which operated twice daily and required additional documentation checks.

18. Plaintiff also worked on numerous other Defendant flights during her employment.

19. Despite Plaintiff working various flights, Defendant's scrutiny, investigations, and questioning were focused exclusively on the Cuba flights and the employees assigned to those flights.

20. On or about May 21, 2025, Plaintiff attended a meeting with Defendant's Station Manager and Human Resources representatives.

21. During the meeting, Plaintiff was questioned extensively regarding passengers who purchased tickets through travel agencies for Cuba flights.

22. Plaintiff explained that many passengers traveling to Cuba commonly relied on travel agencies to purchase tickets.

23. Despite Plaintiff's explanations, Defendant accused Plaintiff of collusion with travel agencies solely because passengers on Cuba flights frequently used agency-purchased tickets.

NOT AN OFFICIAL COPY- PUBLIC ACCESS - NOT AN OFFICIAL COPY- PUBLIC ACCESS

24. Defendant audited Plaintiff's transactions and found everything in order.

25. During Plaintiff's employment, supervisor Cristin Villatoro openly referred to Cuban passengers as "smugglers" in front of passengers and employees.

26. Cristin Villatoro made such comments while aware that many of the passengers did not speak English.

27. The comments created a hostile and offensive work environment based on national origin and ethnicity.

28. Plaintiff and other Latino employees assigned to the Cuba flights were subjected to heightened scrutiny, baseless questioning, and suspicion.

29. Non-Latino employees who worked on other international flights were not subjected to similar investigations or scrutiny.

30. Defendant questioned Plaintiff regarding whether she accepted coffee or pastries from passengers.

31. Plaintiff explained that Defendant's policies prohibited accepting monetary compensation, but did not prohibit accepting food items.

32. Plaintiff was also questioned regarding baggage payment procedures.

33. Plaintiff explained that Defendant's publicly available policies did not prohibit another individual from paying for a passenger's baggage fees.

34. Plaintiff was further questioned regarding passengers who traveled with cash instead of credit cards.

35. Plaintiff explained that many passengers traveling to Cuba used cash because credit cards often could not be used in Cuba.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

36. Plaintiff answered all questions professionally and consistently defended Defendant's policies and her conduct.
37. During the same meeting on or about May 21, 2025, Defendant informed Plaintiff that she was being suspended pending investigation.
38. Following the meeting, Plaintiff was instructed to empty her locker and surrender her company phone and airport identification badge.
39. Plaintiff was escorted to the parking lot following her suspension.
40. During Plaintiff's suspension, Defendant did not pay Plaintiff any wages or salary.
41. On or about July 17, 2025, supervisor Cristin Villatoro contacted Plaintiff and informed her that Defendant's investigation had concluded.
42. Plaintiff was informed that she would not be permitted to return to work.
43. Plaintiff was further told that if she did not respond to Defendant's email correspondence, she would be terminated, and if she did respond, she would be expected to resign.
44. Plaintiff was not given the option to return to her position.
45. Defendant subsequently sent Plaintiff an email stating that even if she appealed the decision, she would no longer be eligible to work for Defendant or any Defendant subsidiary.
46. Plaintiff responded to Defendant's email on or about July 18, 2025.
47. Defendant did not provide Plaintiff with any further communication thereafter.
48. Of the fifteen (15) employees terminated as part of Defendant's investigation involving the Cuba flights, thirteen (13) were Latino, one was South African married to a Cuban individual, and one was an American employee who spoke fluent Spanish.
49. Most of the terminated employees were over the age of fifty (50).
50. The only employees under fifty (50) who were terminated were Latino part-time employees.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

51. Plaintiff observed that similar investigations and scrutiny were not imposed upon employees working for other airlines operating Cuba flights, including employees associated with American Airlines.

52. Plaintiff engaged in protected activity by opposing and complaining about Defendant's discriminatory treatment and disparate scrutiny directed toward Latino employees associated with Cuba flights.

53. There is a causal connection between Plaintiff's protected activity, Plaintiff's opposition to Defendant's discriminatory conduct, and the adverse employment actions taken against Plaintiff, including her suspension and termination.

54. The harassment and discriminatory treatment Plaintiff endured were severe and pervasive.

55. Plaintiff experienced repeated discriminatory comments, heightened scrutiny, disparate treatment, and baseless accusations during her employment.

56. Such conduct altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive work environment.

57. As a direct result of Defendant's discriminatory conduct, Plaintiff suffered emotional distress, humiliation, loss of employment, and other damages.

58. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

59. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

60. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**COUNT I**

***Discrimination Based on Age in Violation of the Florida Civil Rights Act of 1992***

61. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-60 above as if set out in full herein.

62. Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992, to which Plaintiff is over forty (40) years of age.

63. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

64. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

65. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

71. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Florida Civil Rights Act of 1992, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

**COUNT II**

***Discrimination Based on National Origin in Violation of the Florida Civil Rights Act of 1992***

73. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-60 of this Complaint as if set out in full herein.

74. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals national origin.

75. The applicable statute, Florida Civil Rights Act of 1992, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

76. Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992.

77. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

78. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Puerto Rican.

79. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

80. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

81. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

82. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

83. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

84. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action, and she has incurred the costs of litigation.

85. The representatives, and the Defendant's failure to make prompt remedial action to conduct of Defendant, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

86. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.
87. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Florida Civil Rights Act of 1992, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**

***Retaliation in Violation of the Florida Civil Rights Act of 1992***

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

88. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 41 above as if set out in full herein.
89. Defendant is an employer as that term is used under the applicable statutes referenced above.
90. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the Florida Civil Rights Act of 1992.
91. The foregoing unlawful acts by Defendant were purposeful.
92. Plaintiff is a member of protected classes based on her age and national origin. Plaintiff is American of Puerto Rican descent. Plaintiff also engaged in statutorily protected activity by opposing and complaining about Defendant's discriminatory treatment, disparate scrutiny, and hostile conduct directed toward Latino employees. There is a causal connection between Plaintiff's protected activity, Plaintiff's complaints and opposition to Defendant's discriminatory conduct, and the adverse employment actions taken against Plaintiff thereafter, including her suspension and termination.
93. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.
94. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Florida Civil Rights Act of 1992, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

**COUNT IV**

***Hostile Work Environment in Violation of the Florida Civil Rights Act of 1992***

95. Plaintiff re-adopts and incorporates paragraphs 1-60 of this Complaint as if set out in full herein.

96. Defendant is an employer as that term is used under the applicable statutes referenced above.

97. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the Florida Civil Rights Act of 1992.

98. Plaintiff, as a female of Puerto Rican descent over forty (40) years of age, is within a protected class as envisioned by the Florida Civil Rights Act of 1992.

99. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

100. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a female of Puerto Rican descent over forty (40) years of age, and is within a protected class as envisioned by the Florida Civil Rights Act of 1992.

101. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for her being a female of Puerto Rican descent over forty (40) years of age.

102. The harassment and discriminatory treatment Plaintiff endured were severe and pervasive. Plaintiff agonized over going to work because she continually feared discriminatory treatment, retaliation, heightened scrutiny, and harassment based on her age, race, and Puerto Rican national origin. Such conduct occurred repeatedly throughout Plaintiff's employment, was objectively and subjectively offensive, and altered the terms and conditions of Plaintiff's employment. Plaintiff was subjected to discriminatory investigations, baseless questioning, derogatory comments regarding Latino employees, and disparate treatment not imposed upon non-Latino employees working other international flights. As a direct result of Defendant's conduct, Plaintiff's work environment became hostile and intolerable, ultimately resulting in the termination of her employment.

103. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

104. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

105. These damages are continuing and are permanent.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate full fringe benefits and seniority rights to Plaintiff.

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

F. For a money judgment representing prejudgment interest.

G. Grant Plaintiff's costs of this action including reasonable attorney's fees.

H. Grant Plaintiff a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

## COUNT V

***Race Discrimination in Violation of 42 U.S.C. § 1981***

106. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-60 of this complaint as if set out in full herein.

107. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

108. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

109. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

110. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

111. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

112. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

113. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

114. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

115. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

116. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

117. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1981, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**<u>COUNT VI</u>**
***Retaliation in Violation of 42 U.S.C. § 1981***

118. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-60 of this complaint as if set out in full herein.

119. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

120. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

121. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

122. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

123. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

124. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

125. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

126. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

## COUNT VII

***Hostile Work Environment in Violation of the 42 U.S.C. § 1981***

127. Plaintiff re-adopts and incorporates paragraphs 1-60 of this complaint as if set out in full herein.

128. Defendant is an employer as that term is used under the applicable statutes referenced above.

129. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting him under the 42 U.S.C. § 1981.

130. Plaintiff as a Hispanic female, is within a protected class as envisioned by the 42 U.S.C. § 1981.

131. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

132. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Hispanic female, is within a protected class as envisioned by the 42 U.S.C. § 1981.

133. The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff for her race.

134. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

135. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

136. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

137. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the 42 U.S.C. § 1981 by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 20, 2026

Respectfully submitted,

/s/Jason S. Remer

**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134.
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 256376761 E-Filed 09/03/2026 03:04:41 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANNETTE FELICIANO,

Plaintiff,

vs. Case No.: 2026-016918-CA-01

DELTA AIR LINES INC,

Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** DELTA AIR LINES INC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
**REMER & GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

________________________________________
CLERK DATE

____________________________________
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANNETTE FELICIANO,

Plaintiff,

vs.

Case No.: 2026-016918-CA-01

DELTA AIR LINES INC,

Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** DELTA AIR LINES INC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
**REMER & GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **<u>21 days</u>** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

9/8/2026

CLERK DATE

58084

(BY) DEPUTY CLERK